IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES J. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-063 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff, | ) | |
| and OFFICER BROWN, Jailer, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case, filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred while he was a pretrial detainee at the Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   BACKGROUND**

Plaintiff names the following as Defendants:  (1) Richard Roundtree, Sheriff of Richmond County, and (2) Officer Brown, Jailer.  (See doc. no. 1, pp. 1-2.)  Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On January 9, 2018, Plaintiff was a pretrial detainee in protective custody, F-E Block, at the Jail, and Defendant Brown "was in control of the protective custody booth." (Id. at 4, 5.) Plaintiff was let out of his cell for the weekly change of bed linens, but when he realized the trustees had not yet arrived with the new linens, he decided to return to his cell. (Id. at 4.) Two other inmates, released from their cells on the top tier of protective custody by Defendant Brown, came down the stairs and began to punch and kick Plaintiff as he made his way back to his cell. (Id.) In the process of fighting off his two attackers, Plaintiff's finger was slammed in the door. (Id.) Defendant Brown "refused to reply" when Plaintiff told him what happened, but Plaintiff was taken to the emergency room to re-attach his finger. (Id.)

Upon his return to the Jail the next day, Plaintiff told Jail officials he wanted to press criminal charges against the inmates who attacked him and caused the severance of part of his finger, but investigators told Plaintiff his story was not consistent with the video surveillance. (Id. at 4-5.) Plaintiff was not allowed to view the video. (Id. at 5.) At some point, Plaintiff "notified" Defendant Roundtree about the January 9, 2018 attack, but the Sheriff turned the matter over to Internal Affairs. (Id.) Plaintiff does not state how or when he "notified" Defendant Roundtree about the events of January 9, 2018. Even though Defendant Brown knew about and disregarded protective custody policy and procedures by letting multiple individuals out of their protective custody cells at the same time, Defendant Roundtree did nothing to change procedures in the protective custody section of the Jail. (Id.)

Plaintiff seeks a declaration his Eighth Amendment and Equal Protection rights were violated, as well as monetary damages against each Defendant. (Id. at 22.)

## II.     DISCUSSION

### A.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement'

3

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.     Plaintiff Fails to State a Valid Equal Protection Claim.

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); see also Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

Here, Plaintiff does not meet these criteria. Although he states his "federal rights of equal protection were violated," he offers no details alleging that he is similarly situated with other prisoners who received more favorable treatment. First, Plaintiff does not describe any similar problems experienced by other inmates in protective custody, let alone that any other inmates experiencing the same issues were treated more favorably. Second, even if he had alleged others in the same situation had received more favorable treatment, he does not allege such discriminatory treatment was based on any constitutionally protected interest.

4

### C. Plaintiff Fails to State a Claim Regarding the Refusal to Bring Criminal Charges Against His Alleged Attackers.

To the extent Plaintiff complains criminal charges were not brought against his alleged attackers, it is well-settled that "a private citizen has no judicially cognizable interest in the prosecution or nonprosecution of another." Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted). Indeed, the decision on whether to ultimately prosecute a criminal case would be a matter entirely in the local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). Accordingly, Plaintiff fails to state a valid § 1983 claim based on the refusal to criminally charge his alleged attackers.

### D. Plaintiff Fails to Allege a Claim Against Defendant Brown.

Plaintiff alleges Defendant Brown's failure to follow protective custody policy and procedures by allowing more than one individual out of his cell at a time violated his Eighth Amendment rights.[1] A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S.

---

[1] Although technically the Fourteenth Amendment Due Process Clause, rather than the prohibition on cruel and unusual punishment found in the Eighth Amendment, governs pretrial detainee claims, Plaintiff's nomenclature need not delay the Court because the standards are the same. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984)(*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)(*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

6

As the Eleventh Circuit explained,

> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components:  one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect and inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff has not alleged Defendant Brown consciously disregarded a serious and imminent risk when he allegedly violated the protective custody policy of letting more than one individual at a time out of his cell.  Although Plaintiff alleges the instigator of the attack had a disciplinary history, he does not allege Defendant Brown knew of a problem between Plaintiff and either alleged attacker, or that letting individuals in one tier of protective custody out of their cell while a person in another section was on his way back to his own cell would result in an attack.  Cf. Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (*per curiam*) (requiring "much more than mere awareness" of an inmate's generally problematic nature to impose liability for failing to protect against attack).

To the extent Plaintiff may be attempting to raise a deliberate indifference claim against Defendant Brown based on the medical treatment he received after his finger was slammed in the door, that too fails. Plaintiff simply states Defendant Brown, "refused to reply" to him when Plaintiff notified him about the finger injury. However, Plaintiff also acknowledges he was provided emergency treatment at the hospital to re-attach his finger, indicating that Jail officials were somehow notified – even if not explained in a reply to Plaintiff, of the need for medical treatment. Thus, Plaintiff has not alleged a conscious disregard of a serious and imminent risk with respect to obtaining medical treatment for Plaintiff's injury. See Farmer, 511 U.S. at 835-39. In sum, Plaintiff has not alleged Defendant Brown disregarded a known risk of harm in his response to Plaintiff's medical emergency.

### E. Plaintiff Fails to State a Valid Claim Against Defendant Roundtree.

Defendant Roundtree cannot be held liable for the acts of Defendant Brown merely in light of his supervisory position as Sheriff. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

8

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendant Roundtree liable, Plaintiff must demonstrate that either (1) the Sheriff actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff alleges he "notified" Defendant Roundtree about the actions of Defendant Brown, but the Sheriff turned the matter over to Internal Affairs. Plaintiff was not allowed to pursue criminal charges, and no policy changes were made in protective custody. Nowhere does Plaintiff allege Defendant Roundtree was actually present or participated in the events alleged to have occurred on January 9, 2018.

Moreover, Plaintiff does not show that Defendant Roundtree was directly involved with the events of January 9th simply by alleging the Sheriff assigned the matter to Internal Affairs to investigate. Cf. Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

Likewise, Plaintiff must allege a causal connection between Defendant Roundtree and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. First, as discussed above, there was no underlying constitutional violation. Second, Plaintiff does not allege a widespread history of abuse at the Jail. Third, he does not allege Defendant Roundtree had a custom or policy of allowing more than one individual in protective custody out of his cell at once. To the contrary, Plaintiff alleges there was a policy in place that prohibited just that, but Defendant Brown violated that policy. Fourth, Plaintiff does not allege Defendant Roundtree directed Defendant Brown to violate established policy and let more than one person out of the protective custody cells at once. In sum, Plaintiff has

10

not shown Defendant Roundtree actually participated in any alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Roundtree.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of May, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA